Corwin, J.
This is a writ of error to the district court of Wood county.
The question presented is one of practice, which has been differently decided by the district courts of the state, and this case is brought here that a uniform rule may be established.
*At the March term, 1852, of the court of common pleas of Wood county, the defendant in error recovered a judgment against the plaintiff for the sum of one hundred and twelve dollars and fifty-six cents, and costs; upon which a writ of error was issued, upon the precipe of the plaintiff, on the 17th day of July, 1852, removing the cause to the district court; at the September term of which court, 1852, the judgment of the court of common pleas, was affirmed, with the statutory penalty and costs; to reverse which judgment of affirmance this writ is prosecuted.
I shall not stop to remark upon the fact that this plaintiff is seeking to reverse the decision of the court whose aid he had invoked, simply upon the ground that it had not jurisdiction to try the question which he had himself submitted to that court; but come at once to the question, whether, under the laws of Ohio, in force on the 17th of July, 1852, and which are still in force, a writ of error may issue in civil causes from the district court to the court of common pleas, as a matter of course: or whether, in all cases, it must issue only upon allowance of the district court, or one of the judges of the supreme court in vacation.
The fourth section of the act of February 19, 1852, 50 Ohio L. 67, “relating to the organization of courts of justice, and their powers and duties,” confers upon the supreme court, when in session, the power, “in addition to the original jurisdiction conferred, by section 2, art. 4, of the constitution, on good cause shown, to-issue writs of error, certiorari, supersedeas, ne exeat, and all other-writs not specially provided for by statute, which may be necessary to enforce the due administration of right and justice throughout *286 the stateand either of the judges of the supreme court, in vacation, is authorized on good cause shown to grant writs of error, supersedeas, and certiorari, and also writs of habeas corpus. By the 13th section of the same act, the same power is conferred upon the district court, as such, but not upon its judges in vacation, except that the writ of habeas corpus is not therein specially mentioned.
*The first section of the “ act further prescribing the powers and duties of the courts of this state,” etc., passed April 30, 1852, provides:
“ That all process and remedies authorized by the laws of this state, when the present constitution took effect, may be had and restored to in the c'ourts of the proper jurisdiction, under the present constitution; and all the laws regulating the practice of, and imposing duties upon, or granting powers to the supreme court, or any judge thereof, and the courts of common pleas, or any judge thereof, respectively, under the former constitution, except as to matters of probate jurisdiction, in force when the present constitution took effect, shall govern the practice of, and impose like duties upon the district courts and courts of common pleas and the judges thereof respectively created by the present constitution, so far as •such process, remedies and laws shall be applicable to said court respectively, and to the judges thereof, and not inconsistent with the laws passed since the present constitution took effect.” 50 Ohio U. 102.
The act of March 12, 1845, “to regulate the practice of the judicial courts,” did “ regulate the practice of the supreme court, under the former constitution,” and “ was in force when the present constitution took effect,” and must “ govern the practice of the district courts, created by the present constitution,” so far as the same shall be applicable “ and not inconsistent with the laws passed since the present constitution took effect.”
The 6th section of the act of March 12, 1845, authorizes the issuing of a writ of error from the supreme court to the court of common pleas as a matter of course; and it is not contended that that act has been expressly repealed, or that its remedies are inapplicable to the present judicial organization. But it is claimed that the general grant of jurisdiction in the first section of the act of April 30,1852, shall not be held to extend to remedies theretofore specially provided for; and that inasmuch as the act of Feb- *287 i-uary 19, 1852, provides for the issuing of writs of error, upon «good cause shown, they can not be issued in any other manner. But from March 12,1845, until the present courts were organized, under a precisely similar state of law, a different construction and different practice prevailed. The supreme court and the judges thereof, respectively, under the old constitution, had the same power, upon good cause shown, to allow writs of error; and the existence of this power was never held to be inconsistent with the right of a suitor, in a civil cause, to his writ of error, as allowed by the act of 1845. The power conferred by the act of February 19, 1852, is indispensable ; for the rights conferred by the act of March 12, 1845, and continued by the act of April, 1852, extend only to civil causes; and, in the absence of authority to allow writs of error, upon good cause shown, no writ of error could be had in a criminal case. The supreme court, or the district court, when in session, and either of the judges of the supreme court, in vacation, have the undoubted power to allow a writ of error, upon good cause shown, in any case, criminal or civil; but this power does not abrogate the right of a suitor to a writ of error in any ■other mode which the law has provided or may provide.
But it is also claimed that this practice is “ inconsistent with the laws passed since the present constitution took effect; ” because the law “ regulating appeals to the district court,” provides heavier penalties for a vexatious appeal, than can by law be assessed in a proceeding in error, merely for delay. It is perfectly clear that a heavier penalty does attach in the one case than in the other; but the fact by no means creates such an absolute inconsistency as to effect an implied repeal of the law authorizing writs of error to issue as a matter of course. Repeals by implication are never favored, and never will be declared when the two laws may well stand together. And here, although the legislature have allowed appeals at law from the court of common pleas to the district court,- yet it may have been the policy of the legislature, and I think it a wise policy, to encourage another simpler, less expensive, and more expeditious «method of reviewing the decisions of the court of common pleas. By making the penalty less in a proceeding in error than in a general appeal of the whole ease, appeals are discouraged ; and my observation inclines me to the belief that the necessities of our political organization will compel the legislature to extend this policy still farther, if not entirely to repeal the law *288 authorizing appeals upon questions of fact. But whatever modifications of the law our future experience may make necessary, it is. sufficient for the present question to declare, as the majority of the court are clearly of the opinion, that the sixth section of the act of March 12,1845, has never been expressly or impliedly repealed; that it is, by the act of April 30, 1852 (50 Ohio L. 102), made applicable- . to the courts organized under the present constitution; and that the remedy it affords is not inconsistent with any subsequent, legislation.
The judgment of the district court is therefore affirmed.